**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **4:17-CR-00319-02-JM**

**NATHANIEL BURROUGHS**

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 60) is DENIED.

**I.      BACKGROUND**

On April 24, 2019,  Defendant pled guilty to one count of conspiracy to distribute methamphetamine.[1]  On August 1, 2019, he was sentenced to 60 months in prison.[2]

**II.     DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1]Doc. Nos. 52, 53.

[2]Doc. Nos. 57, 58.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

1

Defendant has neither asserted nor provided evidence that he has exhausted his administrative remedies.  Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his request, Defendant asserts that he is obese and has hypertension, diabetes, "breathing disorders," and sleep apnea, all of which put him at a higher risk of suffering from COVID-19.  First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health conditions are not listed.  Defendant has provided no argument or evidence to show that his health conditions are severe enough to prevent him from independently functioning within the prison. Additionally, he has not shown that his conditions cannot be controlled with medication.  Finally, his health conditions were not severe enough to prevent him from using methamphetamine four or five times a month for years. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 49 years old and has served less than 50% of his sentence which means he does not meet the age or minimum served time requirements under the Guidelines.

---

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has five prior criminal convictions, and all of them involve methamphetamine, which is the same behavior as the instant offense.  In fact, he committed the instant offense while on parole for a prior methamphetamine-related conviction.

The severity of the instant offense must also be considered.  A 2017 investigation revealed that Defendant and a co-defendant were engaged in the distribution of methamphetamine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 60) is DENIED.

IT IS SO ORDERED, this 10th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE